UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOVEREIGN O'DELL,

      Plaintiff,                          Case No. 16-cv-14378

v.                                       Paul D. Borman
                                       United States District Judge

HOLLY SELESKY,

                                       Stephanie Dawkins Davis
      Defendant.                 United States Magistrate Judge
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE DAVIS'S APRIL 24, 2017 ORDER, (2) AFFIRMING MAGISTRATE JUDGE DAVIS'S APRIL, 24, 2017 ORDER, AND (3) GRANTING PLAINTIFF AN ADDITIONAL PERIOD OF TIME WITHIN WHICH TO FILE A MOTION UNDER FED. R. CIV. P. 15(a)(2) FOR LEAVE OF COURT TO FILE AN AMENDED COMPLAINT

On April 24, 2017, Magistrate Judge Davis issued an Order granting Defendant's Motions to Strike (ECF Nos. 10, 18), holding Defendant's motion to dismiss (ECF No. 4) and Plaintiff's motions to remand this case to state court (ECF Nos. 5, 17) in abeyance, and permitting Plaintiff to file a motion for leave to amend her Complaint on or before May 8, 2017. (ECF No. 22, April 24, 2017 Order.) On May 8, 2017, rather than filing a motion for leave to amend her Complaint, Plaintiff filed an Objection to the Magistrate Judge's April 24, 2017 Order, which is presently before this Court. (ECF No. 23, Objection.) Defendant filed a Response to Plaintiff's

1

Objection. (ECF No. 24, Defendant's Response to Plaintiff's Objection.) For the reasons that follow, Plaintiff's Objections are REJECTED and the Magistrate Judge's April 24, 2017 Order is AFFIRMED.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly

erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; h[er] legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)) (alterations added). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Objections filed to a Magistrate Judge's Order must "specify the part of the order, proposed findings, recommendations, or report to which a person objects," and "state the basis for the objection." E.D. Mich. L.R. 72.1(d)(A) and (B).

## III.  ANALYSIS

Plaintiff's Objections fail to comply with the requirement of Fed. R. Civ. P. 72 and Eastern District of Michigan Local Rule 72.1(d), which require the objecting party to specify that part of a Magistrate Judge's Order to which the person objects and to state the basis for the objection.  Plaintiff's Objection "restates her motion to remand" and restates her "petition for superintending control," neither of which is the subject of the Magistrate Judge's April 24, 2017 Order and neither of which has been ruled on by the Magistrate Judge.  The April 24, 2017 Order holds Plaintiff's motion(s) to remand in abeyance and does not purport to address a "Petition for Superintending Control."

Rather than address the substance of the Magistrate Judge's April 24, 2017 Order, which correctly ruled that Plaintiff's proposed amended complaints were untimely under Fed. R. Civ. P. 15(a)(1), the Objection challenges the propriety of Defendant's removal of Plaintiff's Complaint to this Court and generally attacks the jurisdiction of the Court to hear and determine her claims.  The Objection does not in any manner address the substance of the Magistrate Judge's Order, which appropriately granted Defendant's motion to strike Plaintiff's proposed amended complaints, both of which were filed beyond the 21-day period following Defendant's filing a motion to dismiss and within which Plaintiff could have filed an amended

complaint as of right. The Magistrate Judge's April 24, 2017 Order also alerted Plaintiff to her right to file a motion seeking leave to file an amended complaint, and gave her two weeks within which to do so. The Magistrate Judge also held Plaintiff's motion(s) for remand, and Defendant's motion to dismiss, in abeyance pending Plaintiff's filing of any motion seeking leave to amend. Based on Plaintiff's failure to specify any portion of the April 24, 2017 Order to which she objects and to specify the basis for the objection, the Objection is **REJECTED** and the Magistrate Judge's April 24, 2017 Order, which is neither clearly erroneous nor contrary to law, is **AFFIRMED**.

It appears to the Court, however, that Plaintiff, a *pro se* litigant, may have misconstrued or misunderstood the Magistrate Judge's April 24, 2017 Order. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance, Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)). Plaintiff's Complaint, which was timely removed by Defendant, explicitly alleged several federal law claims (Counts 1-8), including claims under 42 U.S.C. §§ 1981 and 1985, Title VII, the Americans With Disabilities Act, and the First and Fourteenth Amendments. (*See* ECF No. 1, Notice of Removal, Ex. A, Complaint.) Plaintiff's multi-federal Count Complaint was properly removed and this

Court has subject matter jurisdiction over this action. Because Magistrate Judge Davis correctly determined that Plaintiff's proposed amended complaint(s) attempting to omit her federal claims were untimely filed, Plaintiff's original Complaint, with its multiple federal claims, remains the operative Complaint in this action.

In view of Plaintiff's *pro se* status, the Court will grant Plaintiff an additional two weeks from the date of this Order to file a motion under Rule 15(a)(2) for leave to amend her Complaint, as originally permitted by Magistrate Judge Davis's April 24, 2017 Order. Such a motion would provide Plaintiff an opportunity to seek Court approval to file an amended complaint omitting her federal claims, as she initially attempted to do albeit in an untimely manner. Such a motion must attach any proposed amended complaint and must comply with the Federal Rules of Civil Procedure and the local rules of this District, as explained in detail by the Magistrate Judge in her April 24, 2017 Order.

Plaintiff's Motions to Remand (ECF Nos. 5 and 17), and Defendant's Motion to Dismiss the original Complaint (ECF No. 4), shall continue to be held in abeyance as ordered by Magistrate Judge Davis in her April 24, 2017 Order, pending any further action by the Plaintiff consistent with this Order. In issuing this Order, this Court expresses no opinion on the merits of any motion for leave to amend that may be filed or on the motions to remand and to dismiss that remain pending but have been held

in abeyance.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2017


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2017.


s/Deborah Tofil
Case Manager