UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOVEREIGN O'DELL, | Case No. 16-14378 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| HOLLY SELESKY, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |

_____/

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 4), MOTIONS TO REMAND (Dkt. 5, 17),
MOTION TO STAY (Dkt. 14), and MOTION FOR MANDAMUS (Dkt. 20)**

**I.  PROCEDURAL HISTORY**

On December 16, 2016, defendant removed this matter to federal court based on federal question jurisdiction. (Dkt. 1). Plaintiff's claims arise from injuries she sustained when her employment was terminated from Potter Elementary school. (Dkt. 1-1). Plaintiff's complaint contains a number of claims based on federal law along with supplemental state law claims. *Id*. Shortly after removing this matter to federal court, defendant filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted. (Dkt. 4). On the same day, plaintiff filed a motion to remand all of her state claims to state court. (Dkt. 5). On January 13, 2017, plaintiff filed an amended complaint. (Dkt. 8). Defendant filed a motion to strike the amended complaint primarily because it

1

was filed one day beyond the 21 day period to amend as of right set forth in Federal Rule of Civil Procedure 15. (Dkt. 10). Subsequently, plaintiff filed an emergency motion to stay further proceedings pending a determination by the Sixth Circuit Court of Appeals on her petition for superintending control (Dkt. 14), another amended complaint (Dkt. 15), a renewed motion to remand (Dkt. 17), and a motion for writ of mandamus. (Dkt. 20). In addition, defendant filed a motion to strike plaintiff's second amended complaint. (Dkt. 18).

On April 24, 2017, the undersigned granted the motions to strike plaintiff's amended complaints and held the motion to dismiss and motion to remand in abeyance. (Dkt. 22). Plaintiff was directed to file a motion for leave to amend the complaint within 14 days of that order. *Id*. Instead, plaintiff objected to the order. (Dkt. 23). Judge Borman overruled plaintiff's objections but, given plaintiff's *pro se* status, permitted plaintiff another 14 days to file a motion for leave to amend the complaint. (Dkt. 25). Plaintiff did not so do in a timely manner. Thus, the undersigned will now address the remaining motions pending in this matter.

For the reasons set forth below, the undersigned **RECOMMENDS** as follows:

 (1) Defendant's motion to dismiss should be **GRANTED** in part as to plaintiff's federal claims and **DENIED** in part as to her state law claims (Dkt. 4);

 (2) Plaintiff's motion to remand her state law claims should be

2

**GRANTED** (Dkt. 5); and

(3) All remaining motions should be **TERMINATED** as moot (Dkt. 14, 17, 20).

## II. ANALYSIS AND CONCLUSION

### A. <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500

F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

B. <u>Failure to Respond to Motion to Dismiss</u>

Plaintiff did not file a response to defendant's motion to dismiss the complaint. Instead, she attempted to drop all of her federal claims by amending the complaint. (Dkt. 8, 15). Plaintiff has made it abundantly clear in numerous filings (*see* Dkt. 5, 8, 15, 17) in this Court that she does not wish to pursue any federal claims, yet she did not move her to amend her complaint in order to do so, as instructed by the Court. (Dkt. 22, 25). However, the Court may nevertheless grant defendant's motion to dismiss based on plaintiff's failure to file any response. *See Resnick v. Patton*, 2007 WL 4532815, at * 1 n. 1 (6th Cir. 2007) (non-movant deemed to have waived opposition to motion to dismiss for failure to file a response). As explained in *Upshaw v. Green Tree Servicing*, 2015 WL 9269136 (E.D. Mich. 2015) (Drain, J.) "[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Id*. (quoting *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) (stating that a homeowner had waived his opposition to his mortgage servicer's motion to dismiss by failing to respond to it); *see also Humphrey v.*

*United States Attorney Gen.'s Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (holding that where a "plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382; 1989 WL 72470, at *2 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Here, while plaintiff arguably has failed to respond to the entirety of defendant's motion to dismiss, she has also made it clear through a number of filings, including her motions to remand and her attempted amended complaints, that she wishes to pursue her state law claims and has done so vigorously, if not without procedural error. Thus, in the exercise of its discretion, the undersigned suggests that the Court only deem plaintiff to have waived her right to respond to the motion to dismiss the federal claims and recommends that defendants's motion to dismiss such federal claims be granted, but denied as to the state law claims.

C. <u>Plaintiff's State Law Claims Should be Remanded to State Court</u>

As to plaintiff's state law claims, the undersigned suggests that those be remanded to state court because plaintiff's federal claims are to be dismissed. When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's

discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). However, the dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor of remanding any state-law claims that accompanied it to federal court. *Id*. at 863; *see also Donaldson v. AuSable Twp.*, 2017 WL 764609, at *5 (E.D. Mich. Feb. 28, 2017). Indeed, under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). Here, there is no compelling reason to retain supplemental jurisdiction over plaintiff's state law claims and thus, the undersigned recommends that they be remanded to state court.

## III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** as follows:

(1) Defendant's motion to dismiss should be **GRANTED** in part as to plaintiff's federal claims (Dkt. 4) and **DENIED** in part as to her state law claims;

(2) Plaintiff's motion to remand her state law claims should be **GRANTED** (Dkt. 5); and

(3) All remaining motions should be **TERMINATED** as moot (Dkt. 14, 17, 20).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 17, 2017                s/Stephanie Dawkins Davis
                                     Stephanie Dawkins Davis
                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on August 17, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov